UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:13-CR-481-T-17TBM

TIMOTHY LAVIEL JACKSON.

_____/

ORDER

This cause is before the Court on:

Dkt. 71   Motion for Transport
Dkt. 73   Motion to Transport Federal Prisoner to the Custody of the United States Attorney General-Federal Bureau of Prisons
Dkt. 74   Motion to Rule

Defendant Timothy Laviel Jackson moves the Court for "an Order directing the United States Marshal to transport the Defendant Timothy Laviel Jackson, Fed. Agency #59930018, to Federal Custody." Defendant Jackson states that Defendant Jackson is currently incarcerated at Wakulla Correctional Institution Annex in Crawfordville, Florida. Defendant Jackson moves for an Order because the Federal terms of imprisonment is greater than the term imposed by Hillsborough County, Florida.

Defendant Jackson entered a guilty plea as to Counts One, Two and Four of the Indictment (Dkt. 39). The Court accepted Defendant Jackson's guilty plea (Dkt. 46) and Defendant Jackson was sentenced on June 17, 2014 (Dkts. 57, 58). Defendant Jackson was sentenced to a term of imprisonment of 180 months as to Counts One, Two and Four, to run concurrently, with credit for time served to be calculated by the United States Bureau of Prisons. The terms of imprisonment imposed by the Judgment in this case are to run concurrently with Defendant Jackson's term of imprisonment imposed pursuant to the judgment in Docket Numbers 2011CF6548,

Case No. 8:13-CR-481-T-17TBM

2011CF15493 and 2012CF15869 in Hillsborough County, Florida.  Defendant Jackson was remanded into the custody of the U.S. Marshal on June 17, 2014.

Pursuant to 18 U.S.C. Sec. 3621(b), the Bureau of Prisons "shall designate the place of the prisoner's imprisonment," directing the Bureau of Prisons to "consider [] the sentencing court's recommend[ation]" as to the type of facility that would be appropriate for an imprisoned defendant.  Decisions to place a convicted defendant within a particular program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.  Gereau v. Henderson, 526 F.2d 889, 896-987 (5th Cir. 1976)(initial determination of the place and specific facility of confinement is almost wholly confided in the Attorney General; sentencing court may only recommend a place of confinement); Clay v. Henderson, 524 F.2d 921, 924 (5th Cir. 1975)(Bureau of Prisons possesses absolute authority, absent showing of abuse of discretion, to designate the place of a prison's confinement); Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997); United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995).  Accordingly, a sentencing court has no authority to order that a convicted defendant be confined in a particular facility or placed in a particular program.  United States v. Johnson, 223 F.3d 665, 673 (7th Cir. 2000); Williams, 65 F.3d at 307; Falcon v. Knowles, 807 F.Supp. 1531, 1533 (S.D. Fla. 1992)("The designation of a prisoner to a place of confinement is entirely within the discretion of prison authorities.")

The authority to order the transport of Defendant Jackson lies with the Bureau of Prisons.  The Court therefore denies the Motions to Transport (Dkts. 71, 73).  Accordingly, it is

**ORDERED** that the Motion to Transport (Dkt. 71) and Motion to Transport (Dkt. 73) are **denied**; the Motion to Rule (Dkt. 74) is **denied** as moot.

Case No. 8:13-CR-481-T-17TBM

**DONE and ORDERED** in Chambers in Tampa, Florida on this 7th day of April, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record